IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MARY ELKINS TELLO, <br> TDCJ ID # 01992878, <br>     Plaintiff, <br><br> v. <br><br> EASTLAND COUNTY JAIL, *et al.*, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> CIVIL ACTION NO. <br> 1:17-CV-105-BL <br><br><br> Assigned to U.S. Magistrate Judge |

**OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)** [1]

This case is before the Court for review of pro-se inmate/plaintiff Mary Elkins Tello's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review of the pleadings, the Court finds and concludes that all claims must be dismissed.

**I. BACKGROUND/PLEADINGS**

Plaintiff Tello initially filed a form civil rights complaint in the United States District Court for the Western District of Texas, but by order entered July 12, 2017, the case was transferred to this the Abilene division of the Northern District of Texas. Complaint (doc. 1); Order (doc. 4). In the complaint, Tello names as defendants the Eastland County Jail and the City of Eastland, Texas. Complaint 1, 3 (doc. 1.) After review of this pleading, the Court issued an order directing Tello to file completed answers to the Court's questionnaire as a more definite statement, which Tello did by filing a more definite statement. Order (doc. 9); More Definite Statement ("MDS") (doc. 10.) Thus, the complaint and more definite statement are the pleadings subject to the Court's review.

The statement-of-claim section within Plaintiff's complaint recites the following:

While incarcerated at Eastland County Jail I was bitten on back side on July 25, 2015.

---

[1] Plaintiff Mary Elkins Tello has consented to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c). (Doc. 11.)

> I requested medical treatment repeatedly as site was feverish, swollen, sore and eventually draining puss and blood and grew to the size of 4 in x 6 in. The names of guards I could get were Dana (male), Donna (female), Abbey, Roland, Sabrina, Candace. There were others I could not get their names. I wasn't seen by a Dr. until August 2nd 2015. I was rushed to emergency and admitted to hospital for treatment and surgery.

Complaint 4 (doc. 1.) In response to the Court's questions, Tello related that she gave verbal and written requests to several guards at the Eastland County Jail regarding the fact that she had been bitten and the wound site was swelling, and that she had a fever and was in pain. MDS 1 (doc. 10.) Although Tello listed the first name of the guards, in response to the Court's questions about providing the guards' last names, she indicated that she "did not wish to add them [as defendants] at this time because I don't have their information." *Id.* She also stated that she did not wish to add the guards as defendants "due to the fact that they are employees of Eastland County and City of Eastland and I feel it's the employer's responsibility to ensure their employees are following proper procedures to ensure an inmates [sic] security and well being." *Id.* In response to the Court informing Tello that the Eastland County Jail may have lacked jural existence, Tello made clear that she believed that the Eastland County Jail was a "part of the City of Eastland." *Id.* 2. In her complaint, Tello recited that she seeks to have her "court costs paid, [her] medical bills paid [and] compensation for pain and suffering." Complaint 4 (doc. 1).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, her complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because she is proceeding *in forma pauperis*, her complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if

2

it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. No Individuals Named as Defendants

Tello's complaint named as defendants only the Eastland County Jail and the City of Eastland, Texas. Complaint 1, 3 (doc. 1.) As noted, although Tello recited the alleged inadequate response to her complaints of a reaction to an insect bite by several individual guards, she repeatedly made clear that she did not wish to add any of these persons as defendants. MDS 2 (doc. 10.) Tello noted that she did not wish to add them both because she did not have all of their information, and because she believed it was their employer's responsibility to insure they followed proper procedures. *Id.* And, to the specific question asking Tello if she wanted to name as defendants any of the guards listed by first name and provide detailed facts of how any of those persons interacted with her, Tello answered "N/A." *Id.* Thus, because Tello has expressly disclaimed any desire to name any individual as a defendant in this case, she has asserted no claims against any individual defendant, and such claims

3

must be dismissed.

### B. No Claims to Support Municipal Liability

In the order for more definite statement, the Court, citing *Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) and *Parker v. Fort worth Police Department*, 980 F.2d 1023, 1025-26 (5th Cir. 1993), informed Tello that the Eastland County Jail likely did not have its own jural existence to be subject to suit, and asked her to either provide facts supporting jural existence, or name any other governmental entity which she sought to assert claims against. MDS 3 (doc. 9.) In response, Tello asserted that she believed her claims were against the City: "[t]he City of Eastland is responsible for their county offices (Eastland County Jail) and Eastland County Jail are [sic] responsible for their staff/employee's actions." MDS 2 (doc. 10). Thus, as Tello has not asserted any basis for the Eastland County Jail to have its own jural existence to be subject to suit, that defendant must be dismissed.

Although a city or county is a "person" within the meaning of 42 U.S.C. § 1983[2] a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell v. New York City Department of Social Services*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

---

[2] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

4

*Id.* at 694. Thus, with regard to Tello's claims that the City of Eastland is responsible to her due to the actions of the guards at the Eastland County Jail, as this claim is essentially a claim that the City is responsible on a vicarious liability or *respondeat superior* basis, such claim is without legal merit.[3]

Instead of vicarious liability for the actions of government employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue")(emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60.)

The Court directed Tello to provide any facts of "any custom or policy that related to [her] claims, and any facts that relate to how the City of Eastland has any control or responsibility for the Eastland County Jail." Order for MDS 3 (doc. 9.) In response Tello wrote: "Eastland County Jail is a part of the City of Eastland. I do not have access to specific policies and/or procedures. However, guards are in place to keep inmates secure and safe." MDS 2 (doc. 10.) This responsive writing amounts to an admission that Tello has no support for any claim that the City of Eastland could be liable to her for a violation of constitutional rights on the facts as stated.

Even if the Court were to liberally read Tello's allegations as a claim that the guards at the Eastland County Jail were not properly trained, she has included no facts of conduct by anyone on

---

[3] Of course, the guards at the Eastland County Jail may actually be employees of Eastland County, Texas, but the same analysis would apply to hold that Eastland County, Texas has no vicarious or respondeat superior liability for the actions of those guards.

behalf of the City of Eastland, and no particular facts of who was not trained, how that lack of training related to her alleged injury, or how any lack of training related to any deliberate indifference to the risk of injury to her. In the *Connick* case the Supreme Court clarified that a failure to train basis of liability against a municipality entails a stringent standard of fault:

> A municipality's culpability for deprivation of rights is at its most tenuous where a claim turns on a failure to train . . . To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact. Only then can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983.

*Connick*, 563 U.S. at 61 (internal quotation marks and citations omitted). Plaintiff has failed to allege sufficient facts to support any claim of liability against the City of Eastland, Texas that meet this standard. Thus, Plaintiff's only remaining claim against defendant City of Eastland, Texas must be dismissed.

## IV. CONCLUSION and ORDER

For the foregoing reasons, it is **ORDERED** that all Plaintiff Mary Elkins Tello's claims are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

**SO ORDERED.**

SIGNED July 23, 2018.

 E. SCOTT FROST
 UNITED STATES MAGISTRATE JUDGE